# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ANDIE BROWDER,**

> **Plaintiff,**

**v.**                                                   **Case No.  8:06-cv-2291-T-27TBM**

**MICHAEL AUDETTE, et al.**

> **Defendants.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Plaintiff's motion to proceed *in forma pauperis* (Doc. 2).  Upon review, her Affidavit of Indigency (Doc. 3) indicates that Plaintiff lacks the resources necessary to pay the filing fee for this action.  However, because I find that the Complaint is frivolous, I recommend that the court dismiss this action.[1]

### I.

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S.

---

[1]Plaintiff filed a substantially similar action, Browder v. Audette, 8:06-cv-1914-T-27TBM.  The undersigned issued a similar Report and Recommendation in that case, and the presiding judge adopted the Report and Recommendation and dismissed the action with prejudice.

319, 327 (1989); Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002).  In other words, an

action may be dismissed as frivolous when the plaintiff "has little or no chance of success,"

Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citing Harris v. Menendez, 817 F.2d

737, 741 (11th Cir. 1987)), or the "plaintiff's realistic chances of ultimate success are slight."

Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (quoting Moreland v. Wharton, 899 F.2d

1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under section 1915(e)

is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure.  Sun, 939

F.2d at 925 (citing Menendez, 817 F.2d at 739-40).  However, the court should liberally

construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by

attorneys.  Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting Tannenbaum v.

United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).


II.

Plaintiff initiated this action by filing a Complaint (Doc. 1), the instant Application

to Proceed Without Prepayment of Fees and Affidavit (Doc. 2), and a supporting Affidavit of

Indigency (Doc. 3).  The  Complaint names multiple defendants, including various

individuals, relatives, law enforcement agencies and officers, other governmental entities and

officials, media corporations, professional sports leagues, physicians, and hospitals.  The

Amended Complaint purports to raise claims for conspiracy to commit rape (Count One),

sexual offenses (Count Two), invasion of privacy (Count Three), harassment (Count Four),

stalking (Count Five), conspiracy to commit attempted murder (Count Six), defamation and

slander (Count Seven), and bribery (Count Eight).

Plaintiff's allegations appear to center on Defendant Michael Audette and Jeanne Long, who are alleged to be "contractual writers" for television.  <u>See</u> (Doc. 1 at ¶ 52, 57).  In essence, Plaintiff alleges that these two defendants have defamed, stalked, raped, and attempted to murder Plaintiff and have conspired with corporations, law enforcement, governmental officials, and judicial officers to cover up such misconduct.  The Complaint contains allegations such as the use of radio airwaves to stalk Plaintiff and invade her privacy, <u>see id.</u> ¶¶ 62, 74-75, 77, 82; defamation and slander of Plaintiff by causing people on the radio or television to "move their lips," <u>see id.</u> at 96-98; putting parasites in Plaintiff's food and causing her not to eat, <u>see id.</u> at ¶¶ 59, 63, 80, 83, 86; attempting to murder Plaintiff, paying individuals to murder Plaintiff and then conspiring with federal, state, city, and county law enforcement agencies and officers to cover up reports and crimes, <u>see id.</u> at ¶¶ 58, 79, 80-81, 84-85, 87-93; injection of Plaintiff with an anesthetic drug, her rape by various individuals at various locations and numerous times, infecting her with the HIV virus, and covering up the rapes, <u>see id.</u> at ¶¶ 60, 65-72, 76; and bribery of judges to have Plaintiff's cases dismissed, <u>id.</u> at ¶¶ 100-01.

Plaintiff seeks, among other things, a preliminary and permanent injunction prohibiting further crimes against Plaintiff or causing damages to Plaintiff; an award for $6 million in damages for the rapes and sexual offenses; $68,000 a day for harassment and stalking; $300,000 for bribery; "full cost in this action, including Plaintiffs time"; and a trial by jury.  <u>See id.</u> at 7, 8, 10, 11.

Upon consideration, Plaintiff's action has little or no chance of succeeding on the merits.  Even when the Complaint is liberally construed in Plaintiff's favor, the factual allegations describe "fantastic and delusional scenarios" which are clearly baseless and the

3

legal theories are indisputably meritless.  See Neitzke, 490 U.S. at 328.  In such

circumstances, dismissal of this action as frivolous is appropriate and mandated by 28 U.S.C.

§ 1915(e)(2)(B)(i).


III.

For the foregoing reasons, I recommend that the court DENY Plaintiff's application

to proceed *in forma pauperis* (Doc. 2) and DISMISS this action with prejudice.

Respectfully submitted on this
18th day of December 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations

contained in this report within ten days from the date of its service shall bar an aggrieved party

from attacking the factual findings on appeal and a *de novo* determination by a district judge.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D.

Fla. R. 4.20.


Copies to:
The Honorable James D. Whittemore, United States District Judge
Pro se Plaintiff

4